JASON D. RUSSELL (SBN 169219)
Jason.Russell@skadden.com
HILLARY A. HAMILTON (SBN 218233)
Hillary.Hamilton@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JAMES Y. PAK (SBN 304563)
James.Pak@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:(650) 470-4500
Facsimile: (650) 470-4570

OF COUNSEL:
MICHAEL W. MCTIGUE JR.
Michael.McTigue@skadden.com
MEREDITH C. SLAWE
Meredith.Slawe@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendants,*
*Hollister Co. and Abercrombie & Fitch Co.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DAVID FRANKLE and MARIA SALINAS, individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

vs.

HOLLISTER CO., and ABERCROMBIE & FITCH CO.,

Defendants.

Case No. 3:25-cv-07338-MMC

**DEFENDANTS HOLLISTER CO. AND ABERCROMBIE AND FITCH CO.'S REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE**

Hearing Date: January 23, 2026
Hearing Time: 9:00 a.m.
Judge: Hon. Maxine M. Chesney
Complaint filed: August 29, 2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendants Hollister Co. ("Hollister") and Abercrombie & Fitch Co. ("A&F," and together, "Defendants"), hereby respectfully request that the Court take judicial notice of the following documents submitted in connection with Defendants' concurrently-filed Motion to Compel Arbitration ("Motion to Compel") and Motion to Transfer Class Action Complaint ("Motion to Transfer"). The documents are attached as exhibits to the Declaration of Christina Monaco ("Monaco Declaration" and "Monaco Decl."), dated October 23, 2025, and the Declaration of James Y. Pak ("Pak Declaration" and "Pak Decl."), dated October 24, 2025, respectively, which accompany the motions, and are as follows:

1. **Exhibit A to the Monaco Declaration:** A true and correct copy of the Hollister Website's sign-up page for creating a Hollister House Rewards Program account, showing hyperlinks to the Hollister House Rewards Terms and Conditions ("Rewards Terms") and the Website Terms of Use ("Website Terms") and a checkbox indicating agreement to both.

2. **Exhibit B to the Monaco Declaration:** A true and correct copy of the Hollister Website's Rewards Terms, available at https://www.hollisterco.com/shop/CustomerService?storeId=10251&catalogId=10201&langId=-1&textKey=LEGAL_CLUB_TERMS&pageName=club.

3. **Exhibit C to the Monaco Declaration:** A true and correct copy of the Hollister Website's Website Terms, available at https://www.hollisterco.com/shop/CustomerService?storeId=10251&catalogId=10201&langId=-1&textKey=LEGAL_SITE_USE&pageName=site-use.

4. **Exhibit D to the Monaco Declaration:** A true and correct copy of the Hollister Website's checkout page for completing a purchase via the Hollister Website, showing hyperlinks to the Hollister Website's Sale Terms ("Sale Terms") and Website Terms, and a statement indicating that completing a purchase indicates agreement to both sets of Terms.

5. **Exhibit E to the Monaco Declaration:** A true and correct copy of the Sale Terms, available at https://www.hollisterco.com/shop/CustomerService?storeId=10251&catalogId=10201&langId=-1&textKey=LEGAL_SALES_TERMS&pageName=sale-terms.

6. **Exhibit F to the Monaco Declaration:** A true and correct copy of the Hollister Website's Privacy Notice ("Privacy Policy"), available at https://www.hollisterco.com/shop/CustomerService?storeId=10251&catalogId=10201&langId=-1&textKey=LEGAL_PRIVACY_POLICY&pageName=privacy.

7. **Exhibit 1 to the Pak Declaration:** A true and correct copy of the Petition to Confirm Arbitration Award, dated August 15, 2025, filed in the Superior Court of the State of California for the County of Alameda by Defendants' Counsel in *Dollar Tree Stores, Inc. v. Adam*, Case No. 25-cv-136935.

DATED: October 24, 2025 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *<u>/s/Jason D. Russell</u>*
JASON D. RUSSELL
*Attorneys for Defendants*
Hollister Co. and Abercrombie & Fitch Co.

**THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXHIBITS**

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is one not subject to reasonable dispute in that it is either (1) "generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).[1] "[F]acts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987); *see also* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding."). When supplied with the necessary information to demonstrate accuracy, judicial notice is mandatory. *See* Fed. R. Evid. 201(c) ("The court… must take judicial notice if a party requests it and the court is supplied with the necessary information."); *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010). District courts may also "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Courts may properly consider facts outside the pleadings when ruling on motions to transfer, and on motions to enforce a forum-selection clause. *See Howards v. Fifth Third Bank*, No. CV 18-01963, 2018 WL 7890667, at *1 n.1 (C.D. Cal. Dec. 7, 2018) ("Courts may consider facts outside the pleadings when ruling on motions to transfer brought under 28 U.S.C. § 1404."); *Spread Your Wings, LLC v. AMZ Grp. LLC*, No. 20-cv-03336, 2020 WL 5749085, at *3 (N.D. Cal. Sept. 25, 2020) ("On a motion to enforce a forum selection clause, the pleadings need not be accepted as true, and facts outside the pleadings may be considered"). Courts may also consider material outside the pleadings when ruling on motions to compel arbitration. *Bonetti v. TriStruX LLC*, No. 24-cv-01319, 2024 WL 3225905, at *8 (N.D. Cal. June 27, 2024) (noting that when deciding a motion to compel arbitration "[t]he court may consider material outside of the pleadings"). Additionally, "[o]nce a defendant has moved to dismiss for improper venue under Rule 12(b)(3)… the pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Knuttel v. Omaze, Inc.*, 572 F.Supp.3d 866, 869 (N.D. Cal. 2021).

Defendants request that, for purposes of both their Motion to Compel and Motion to Transfer, the

[1] Unless otherwise noted, all emphases are added, and all citations, footnotes, original alterations, and internal quotation marks are omitted from all quoted material.

Court take judicial notice of the Hollister House Rewards sign-up page (Monaco Decl. Ex. A) and Hollister checkout page (Monaco Decl. Ex. D) because they are publicly available documents, and additionally consider the pages because they are incorporated by reference in the Complaint. Defendants further request that the Court also take judicial notice of the Hollister House Rewards Terms, Website Terms, Sale Terms, and Privacy Policy (collectively, "Terms") (Monaco Decl. Exs. B-C, E-F) because they are publicly available documents, and additionally consider the documents because they are incorporated by reference in the Complaint. Defendants lastly request that for purposes of their Motion to Compel, the Court take judicial notice of the Petition to Confirm Arbitration Award brought by Dollar Tree against plaintiffs represented by Plaintiffs' Counsel (Pak Decl. Ex. 1) because it is a document of public record.

## I. <u>THE COURT MAY TAKE JUDICIAL NOTICE OF WEBSITE PAGES AND TERMS BECAUSE THEY ARE PUBLICLY AVAILABLE DOCUMENTS</u>

The Ninth Circuit and its courts routinely hold that "it is appropriate to take judicial notice" of information currently "displayed publicly on… web sites" when "it was made publicly available… and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *see also Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1164 n.11 (9th Cir. 2022) (granting request for judicial notice of "several photographs available on [defendant's] website"); *Pearl v. Coinbase Glob., Inc.*, No. 22-cv-03561, 2024 WL 3416505, at *1 nn.3-4, *3 n.6 (N.D. Cal. July 15, 2024) (Chesney, J.) (taking judicial notice of multiple webpages on publicly available websites); *Whitaker v. Cesano, Inc.*, No. 21-cv-01018, 2021 WL 1947539, at *2 n.3 (N.D. Cal. May 14, 2021) (Chesney, J.) (taking judicial notice of "copies of webpages found on the [defendant's] Website, specifically the 'Landing page,' the 'Accessibility Tab,' and various accessible room descriptions"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145-46 (N.D. Cal. 2020) (taking judicial notice of screenshots and printouts of "websites of the parties and other third parties not involved in this lawsuit, social media websites, and information and news websites"); *Pac. Overlander, LLC v. Kauai Overlander*, No. 18-cv-02142, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018) (taking judicial notice of defendant's website, print-outs of defendant's Instagram account, and print-outs of Google reviews); *Caldwell v. Caldwell*, No. C 05-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) (noting that "as a general matter, websites and their contents may be proper subjects for judicial notice").

Here, the Hollister Website's sign-up page (Monaco Decl. Ex. A), checkout page (*id.* Ex. D), and the Terms (*id.* Exs. B-C, E-F) are publicly available on the Hollister Website, as authenticated by Defendants' employee Christina Monaco, and thus they are the proper subject of judicial notice.

## II. THE COURT MAY ALSO TAKE JUDICIAL NOTICE OF THE WEBSITE PAGES AND TERMS BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE COMPLAINT

Under the "incorporation by reference" doctrine in the Ninth Circuit, courts "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "A court may treat such a document as part of the complaint, and thus may assume that its contents are true." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160-61 (9th Cir. 2012) (holding district court properly incorporated website disclosures by reference over plaintiff's objection, because "having based his allegations on the contents and appearance of the Important Terms & Disclosure Statement, [plaintiff] can hardly complain when [d]efendants refer to the same information in their defense").

The Hollister Website's sign-up page (Monaco Decl. Ex. A), checkout page (*id.* Ex. D), and the Terms (*id.* Exs. B-C, E-F) are incorporated by reference into the Complaint. The Complaint frequently quotes the alleged contents of the Website, and includes screenshots of various webpages allegedly taken directly from the Website. (*See, e.g.*, Compl. ¶¶26-28, 33.) The Complaint also quotes the Privacy Policy. (*Id.* ¶¶17, 26.) The Privacy Policy references the Website and Rewards Terms. (Monaco Decl. Ex. F at 2, 4.) The Terms, in turn, explicitly reference the Privacy Policy. (*See, e.g.*, Ex. B at 7; Ex. C at 3; Ex. E at 18.)

Courts regularly consider records of websites as incorporated by reference, particularly where the website representations are referenced in the operative complaint. *See, e.g.*, *Knievel*, 393 F.3d at 1076-77 (considering copies of "the surrounding pages on the EXPN.com website… under the 'incorporation by reference' doctrine" where plaintiffs "attached to their complaint only the [web page] that they argue was defamatory, and they do not allege or describe the contents of the surrounding pages in their complaint"); *Daniels-Hall*, 629 F.3d at 998 (considering "information posted on certain… web pages that [p]laintiffs referenced in the [c]omplaint" because they were incorporated when "[p]laintiffs directly quoted the material posted on these web pages"); *Freund v. HP, Inc.*, No. 22-cv-03794, 2023 WL 5184140, at *3 n.1 (N.D. Cal.

Aug. 10, 2023) (where plaintiff "used information from a webpage to support his complaint, incorporation by reference [was] a 'proper vehicle' to consider printouts of the webpage"); *Logan v. Meta Platforms, Inc.*, 636 F. Supp. 3d 1052, 1055 n.3 (N.D. Cal. 2022) ("Because Meta's Terms of Use form the basis of the FAC, they are subject to incorporation by reference.").

The Court may take judicial notice of the Terms specifically for the additional reason that they contain a forum-selection clause, relevant to Defendants' Motion to Transfer. (*See* Monaco Decl. Ex. B at 16, Ex. C at 15, Ex. E at 16 (all providing for "the exclusive jurisdiction of the federal and state courts in Ohio, United States of America.").) Courts regularly take judicial notice of contracts and other documents containing forum-selection clauses when considering motions to transfer. *See, e.g.*, *Homelink Int'l Inc. v. Zhang*, No. 24-cv-02358, 2024 WL 4197634, at *9 (N.D. Cal. Sept. 12, 2024) (taking judicial notice of four agreements between the parties, each with a forum selection clause); *Krystal, Inc. v. China United Transp., Inc.*, No. 16-02406, 2017 WL 6940544, at *2-3 (C.D. Cal. Apr. 12, 2017) (taking judicial notice of bill of lading containing forum-selection clause).

## III. THE COURT MAY TAKE JUDICIAL NOTICE OF THE PETITION TO CONFIRM ARBITRATION AWARD BECAUSE IT IS A DOCUMENT OF PUBLIC RECORD

Courts routinely take judicial notice of decisions, complaints, and other pleadings filed in separate federal and state court actions, because they are matters of public record and not subject to reasonable dispute. *See, e.g.*, *Agardi v. Hyatt Hotels Corp.*, No. C 14-0347, 2014 WL 2860658, at *3 n.4 (N.D. Cal. June 23, 2014) (Chesney, J.) (judicially noticing "a number of documents, all constituting federal and state court filings"); *Transplace Int'l, Inc. v. Motorcar Parts of Am.*, No. CV 16-09355, 2017 WL 3081688, at *3 (C.D. Cal. Feb. 17, 2017) ("Courts may take judicial notice of filing and pleadings in other cases, even where filed in different courts, as such documents are a matter of public record and not subject to reasonable dispute."). Courts also regularly take judicial notice of arbitration awards and filings when considering motions to dismiss, for the same reason: they are also matters of public record and not subject to reasonable dispute. *See, e.g.*, *Klahn v. Quizmark, LLC*, No. C 13-1977, 2013 WL 4605873, at *1 n.4 (N.D. Cal. Aug. 28, 2013) (Chesney, J.) ("The arbitration award is a fact 'that is not subject to reasonable dispute,' *see* Fed.R.Evid. 201, and, as such, likewise is subject to judicial notice."); *Chandler v. State Bar*

*of Cal.*, No. C08-00437, 2008 WL 901865, at *1 (N.D. Cal. Mar. 31, 2008) (taking judicial notice of arbitral award).

Exhibit 1 to the Pak Declaration is Dollar Tree Stores, Inc.'s Petition to Confirm Arbitration Award filed in the Superior Court of the State of California for the County of Alameda. The petition attaches, among other things, the Final Award issued by the arbitrator in an arbitration that Plaintiffs' Counsel brought against Dollar Tree, Inc. asserting substantially similar underlying claims to the present action. These documents are judicially noticeable as documents of public record. *See Wood v. County of Contra Costa*, No. 21-cv-00611, 2021 WL 4592122, at *1 nn. 1, 3 (N.D. Cal. Oct. 6, 2021) (Chesney, J.) (taking judicial notice of filings in state court actions). The Court should similarly take judicial notice here.

**CONCLUSION**

Accordingly, Exhibits A through F to the Monaco Declaration and Exhibit 1 to the Pak Declaration are properly the subject of judicial notice.

DATED: October 24, 2025 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *_/s/Jason D. Russell_*
JASON D. RUSSELL
*Attorneys for Defendants*
Hollister Co. and Abercrombie & Fitch Co.